UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **MARY MORGAN** | | **PLAINTIFF** |
| v. | | Case No.: 2:14cv162-KS-MTP |
| **WAL-MART STORES, INC.** | | **DEFENDANTS** |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 08 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

## WAL-MART'S NOTICE OF REMOVAL

**COME NOW**, Defendants Wal-Mart Stores, Inc., incorrectly named as the proper party, and the proper party, Wal-Mart Stores East, LP (collectively "Wal-Mart"), by and through counsel, and without waiving any objections to venue or any other defenses, including any Rule 12(b) and 8(c) defenses, and file their Notice of Removal of this action from the Circuit Court of Lauderdale County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division, and, in support thereof, would show unto the Court the following:

### COMPLAINT

1. On or about July 16, 2014, the Plaintiff filed a Complaint against Wal-Mart in the Circuit Court of Lauderdale County, Mississippi, being civil action number 14cv099(W), a copy of which is attached hereto as **Exhibit A**.

2. In her Complaint, the Plaintiff alleges that she slipped and fell on a slippery substance inside Wal-Mart suffering significant injury. Ex. A, ¶6. Plaintiff demanded an unspecified amount of compensatory damages. Unnumbered paragraph labeled "AD DAMNUM.

1

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

A.   **This Case is Properly Removable**

3.   This case is properly removable to this Court pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, [1] any civil action brought in a state court of which the district courts of the United States have <u>original jurisdiction</u>, [2] may be removed by the defendant or the defendants, to the <u>District Court of the United States for the district or division embracing the place where such action is pending</u>. . . .

28 U.S.C. § 1441(a) (emphasis added).

4.   As will be explained in more detail below, this Court has original jurisdiction (diversity jurisdiction) of this case, pursuant to 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> a. The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between –
> (1)   citizens of different States. . . .

28 U.S.C. § 1441(a).

5.   Additionally, the United States District Court for the Southern District of Mississippi, Eastern Division, is the district and division embracing the location of the state court where this suit is currently pending.

B.   **This Removal is Timely**

6.   Pursuant to 28 U.S.C. §1446 (b), a notice of removal can be filed within thirty (30) days *"after the receipt* . . . through service or otherwise, a copy of an . . . *other paper* from which it may first be ascertained that the case is one which is or has become removable. . . . " 28 U.S.C. §1446 (b) (emphasis added).

7. As will be stated in more detail below, Plaintiff's responses to Requests for Admissions, which were mailed to Wal-Mart's counsel on September 10, 2014, is the "other paper" from which Wal-Mart first ascertained that the amount in controversy had been met and the case was removable based on diversity jurisdiction. **Exhibit B.**

8. Since Wal-Mart is removing this case within thirty (30) days from its receipt of the "other paper," removal is timely.

C. **Required Documents Attached and Notice to Clerk Given**

9. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings and orders served on Wal-Mart is attached hereto collectively as **Exhibit C.**

10. Additionally, contemporaneous with the filing of this Notice of Removal, Wal-Mart will file a copy of the same with the Clerk of the Circuit Court of Lauderdale County, Mississippi, in accordance with 28 U.S.C. §1446(d).

11. Pursuant to Local Uniform Civil Rule 5(b), a certified copy of the state court record is included as part of **Exhibit D**.

## DIVERSITY JURISDICTION EXISTS

12. As already briefly mentioned, this Court has original diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a), because the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A. **Diversity of Citizenship Exists**

13. According to the Complaint, the Plaintiff is an adult resident citizen of Jasper County, Mississippi. Ex. A, at ¶ 1.

14. **Wal-Mart Stores East, LP**, the proper party herein, is a Delaware limited partnership, of which WSE Management, LLC, is the general partner, and WSE Investment, LLC, is the limited partner. The sole member of WSE Management, LLC, and WSE Investment, LLC, is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. The principal place of business of Wal-Mart Stores East, LP, is Bentonville, Arkansas. **WSE Management, LLC,** is a Delaware limited liability company. The sole member of WSE Management, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. The principal place of business for WSE Management, LLC is Bentonville, Arkansas. **WSE Investment, LLC**, is a Delaware limited liability company. The sole member of WSE Investment, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. The principal place of business for WSE Investment, LLC is Bentonville, Arkansas.

15. **Wal-Mart Stores, Inc.**, is a Delaware corporation. The principal place of business of Wal-Mart Stores, Inc., is Bentonville, Arkansas.

**B.    Amount in Controversy Met**

16. On or about July 30, 2014, Wal-Mart propounded a set of Requests for Admissions to the Plaintiff to ascertain if the Plaintiff was in fact seeking damages more than the jurisdictional limit.

17. On August 22, 2014, counsel for Plaintiff mailed a copy of Plaintiff's responses to Wal-Mart's Requests for Admissions to counsel for Wal-Mart.

18. Through these responses, which are set forth below in pertinent part, Plaintiff clearly indicated that she would accept greater than $75,000.00 if awarded same by a jury:

1. Admit that the value of your claims for damages against Wal-Mart does not exceed the amount of $75,000.00.

    **Response: Denied.**

2. Admit that you would not accept any sum greater than $75,000.00 for any damages even if awarded by a jury.

    **Response: Denied.**

3. Admit that you will never seek to amend the Complaint to seek an amount above $75,000.00

    **Response: Denied.**

4. Admit that you will never seek a verdict from any jury hearing this action greater than $75,000.00.

    **Response: Denied.**

5. Admit that you will not seek a verdict in excess of $75,000.00 exclusive of interest and cost at the trial of this matter.

    **Response: Denied.**

19. Based upon Plaintiff's refusal to admit that she would not accept a verdict in excess of $75,000.00, the amount in controversy is met in this case, and removal is proper. *See Holmes v. Citifinancial Mortgage Co.*, 436 F. Supp. 2d 829, 831-32 (N.D. Miss. 2006) (holding that where Plaintiff claimed $74,500.00 for all damages in her Complaint, but did not submit an affidavit and binding stipulation agreement to that effect and objected to, or refused to answer,

5

requests for admissions that stated to a legal certainty that he would not seek **or accept** in excess of seventy-five thousand dollars ($75,000.00), the defendant met its burden of proving the amount in controversy by a preponderance of the evidence).

20. Wal-Mart reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, Wal-Mart requests that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Lauderdale County, Mississippi, be hereby stayed.

THIS, the 7th day of October, 2014.

Respectfully submitted,

**Wal-Mart Stores, Inc.**
**Wal-Mart Stores East, LP**

By: _____
THOMAS M. LOUIS (MSB # 8484)
GAYLA CARPENTER-SANDERS (MSB #101610)

**OF COUNSEL**:

WELLS, MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
tlouis@wellsmar.com
gsanders@wellsmar.com